IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 1:03-726 |
| vs. ) | |
| ) | **AMENDED** |
| Darrell Todd Mays, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____) | |

On January 13, 2005, Defendant Darrell Mays pleaded guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. In the plea agreement, Defendant stipulated and agreed that he has a prior felony drug conviction that has become final, and that the government had filed an Information pursuant to 21 U.S.C. § 851.

A presentence investigation report ("PSR") was prepared that attributed to Defendant in excess of 1.5 kilograms of cocaine base and in excess of 5 kilograms of cocaine. Defendant's base offense level for the drugs was 28. The PSR contained a cross-reference to murder pursuant to U.S.S.G. § 2D1.1(d), which increased his base offense level to 43. Defendant also received a 2-level increase for obstruction of justice, for a total offense level of 45; however, pursuant to U.S.S.G. Chapter 5, Part A, Application Note 2, the total offense level became 43. Defendant had a criminal history score of 6. Defendant received an additional two points pursuant to U.S.S.G. § 4A1.1(d) for being on parole and state probation at the time the instant offense was committed, and an additional one point pursuant to U.S.S.G. § 4A1.1(e) for committing the instant offense less than two years following his release from custody. The nine criminal history points yielded a criminal history category of IV. Defendant's statutory sentence under 21 U.S.C. § 841(b)(1)(A) was 20 years to life.

His sentencing guidelines range was life imprisonment. On August 1, 2005, Defendant was sentenced to incarceration for life, to be followed by a term of supervised release for ten years. Judgment was entered on August 3, 2005. Defendant has been in custody since February 5, 2004.

The First Step Act of 2018 made retroactive changes to certain offenses promulgated under the Fair Sentencing Act. Under the current statutory scheme, § 841(b)(1)(A) requires at least 280 grams of cocaine base, rather than 50 grams, to trigger the penalties to which Defendant was subjected. Pursuant to § 841(b)(1)(B), a person with a prior conviction for a serious drug felony or serious violent felony is subject to a sentence of not less than 10 years and not more than life, to be followed by a term of supervised release of not less than 8 years.

On October 2, 2019, Defendant, proceeding pro se, filed a motion to reduce sentence under the First Step Act. On December 4, 2019, the court denied Defendant's motion to reduce sentence on the grounds that the Fair Sentencing Act, made retroactive by the First Step Act, did not reduce the statutory penalties associated with convictions involving five kilograms or more of cocaine. Defendant appealed. On May 26, 2020, Court of Appeals for the Fourth Circuit remanded the case in light of United States v. Gravatt, 953 F.3d 258 (4th Cir. 2020). The USPO filed an amended sentence reduction report on June 2, 2020. Using current calculations, Defendant is attributed at least 6,356.5 kilograms of marijuana equivalent. His base offense level is 32, which becomes 43 because of the cross reference to murder, plus a 2-level increase for obstruction of justice, for a total offense level of 43, as set forth above. A level 43, criminal history category IV yields a guidelines range life in prison. Thus, there is no change to the guidelines sentence.

Defendant, through counsel, filed a supplemental motion to reduce sentence on June 26. 2020. The government filed a response in opposition on September 17, 2020.

DISCUSSION

A.    Statutory Mandatory Minimum Sentence

As an initial matter, the court must determine whether the statutory mandatory minimum sentence of 20 years to life for cocaine found in 21 U.S.C. § 841(b)(1)(A) overrides the lower statutory mandatory minimum sentence of 10 years to life years for cocaine base established in § 841(b)(1)(B). See United States v. Gravatt, 953 F.3d 258, 264 n.5 (4th Cir. 2020) ("Of course, statutory mandatory minimum terms remain in effect for certain drug offenses. Even if a defendant's sentence involves a covered offense, the district court's review of a defendant's First Step Act motion cannot avoid those statutory requirements.").

In this case, the plea agreement, presentence report, sentencing transcript, and statement of reasons do not distinguish between the powder cocaine or the cocaine base for purposes of sentencing. Thus, the record creates an ambiguity as to whether Defendant's sentence was driven by the cocaine or cocaine base portions, or both, of the conspiracy charge. Where there is ambiguity as to which penalty applies to a defendant, the rule of lenity requires the court to impose the less strict of the two penalties. See Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 16 (2011) (holding that when there is ambiguity in interpreting the statutory penalty the rule of lenity applies and leads courts to impose "a more lenient interpretation of a criminal statute"); see also United States v. Rodriquez, 553 U.S. 377, 405–06 (2008) (Souter, J., dissenting) ("The rule [of lenity] is grounded in 'the instinctive distaste against men languishing in prison unless the lawmaker has clearly said they should,' and . . . means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess. . . ." )(citation omitted)).

3

Other district courts in the Fourth Circuit have recognized that the rule of lenity applies in First Step Act motions when there is ambiguity as to what was the underlying basis for the sentence imposed, and granted relief based on the penalty from the cocaine base charge of multi-object conspiracy. See United States v. Jones, Criminal No. JKB-96-00399, 2020 WL 886694, at *2 (D. Md. Feb. 24, 2020) (applying the rule of lenity as to a conviction for conspiracy to distribute cocaine base and heroin, and assuming that the defendant was convicted only of conspiracy to distribute crack cocaine); United States v. Carrie, Cr. No. 3:09-930-04 (CMC), 2019 WL 3493832, at *3 (D.S.C. Aug. 1, 2019) (applying the rule of lenity to conviction for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base and finding that, had the Fair Sentencing Act been in effect at the time of sentencing, the defendant would have admitted guilt only to conspiracy to possess with intent to distribute 50 grams or more of cocaine base); United States v. Barber, Cr. No. 0:09-207-04 (CMC), 2019 WL 2526443, at *2 (D.S.C. June 19, 2019) (same). The court finds these decisions to be persuasive. Therefore, the court applies the rule of lenity and finds that Defendant's original sentence was based upon the statutory mandatory minimum sentence for the cocaine base charge of Count 1. Defendant's mandatory sentence under § 841(b)(1)(B) is not less than 10 years and not more than life, to be followed by a term of supervised release of at least 8 years.

B.      Sentencing Guidelines Calculations

As noted above, Defendant's guidelines sentence has not changed. In United States v. Wirsing, 943 F.3d 175, 184 (4th Cir. 2019), the Fourth Circuit found that the First Step Act provides explicit permission for a court to modify a sentence. Further, in United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020), the Fourth Circuit held that the sentencing factors articulated in 18 U.S.C.

§ 3553(a) apply in First Step Act cases. The Fourth Circuit further determined that a court may vary from the Sentencing Guidelines and may consider the defendant's post-sentencing conduct in modifying a defendant's sentence. Id.

Defendant has submitted a Summary Reentry Plan - Progress Report that shows Defendant earned his GED while in custody and has taken a number of education course, although it does not appear that he has taken any education courses since 2016. During his incarceration, he has been disciplined three times; on February 18, 2011 for failing to stand count; on September 15, 2011 for possessing an unauthorized item; and on August 30, 2014, for phone abuse-disrupt monitoring. He successfully completed five months of the Non-Residential Drug Abuse Treatment Program as well as a fifteen-hour drug education course.

Defendant asks the court to note that (1) his participation in the murder was due to the extraordinary influence his older brother had over him; (2) he was the first defendant to come forward and provide the government with the details of the crime; and (3) he could not bring himself to testify against his brother at his brother's sentencing hearing because the courtroom was "packed with family members." ECF No. 638, 5. Defendant states that his failure to testify against his brother earned him the obstruction of justice points and prevented him from receiving credit for acceptance of responsibility. Defendant points out that a life sentence has prohibited him from earning good time credits, and that he was sentenced prior to United States v. Booker, 543 U.S. 220 (2005), at a time when the Sentencing Guidelines were mandatory, rather than discretionary.

The court's concern is whether Defendant is a danger to the community. He has an extensive criminal record and engaged in the brutal kidnaping and murder of a confidential informant. Studies indicate that federal inmates with nine criminal history points, as does Defendant, have a 76.1%

recidivism rate. United States Sentencing Commission, <u>Recidivism Among Federal Offenders: A Comprehensive Overview</u>, p. 19 (March 2016). Conversely, re-arrest rates decline over time as federal inmates age. A person released between the ages of 41 to 50 has a 42.4% risk of reoffending. <u>Id.</u> at 23.

## CONCLUSION

The court has taken into account the § 3553(a) factors, particularly the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentence disparities. The court finds that Defendant's sentence should be modified as follows: Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 360 months as to Count 1, to be followed by a term of supervised release for 8 years. All other provisions of the judgment entered August 3, 2005 remain in effect. Defendant is strongly encouraged to take advantage of the educational opportunities available to him and to maintain a clean disciplinary record.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
May 17, 2021

Nunc pro tunc: February 24, 2021
(amended to correct scrivener's error)